UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANK SELDERS (#372138)

VERSUS                                          CIVIL ACTION

WARDEN QUACHITA CORRECTIONAL                    NUMBER 07-635-JVP-SCR
CENTER, ET AL

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 4, 2007.

                                   *signature*
                                   STEPHEN C. RIEDLINGER
                                   UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANK SELDERS (#372138)

VERSUS                                              CIVIL ACTION

WARDEN QUACHITA CORRECTIONAL                        NUMBER 07-635-JVP-SCR
CENTER, ET AL

MAGISTRATE JUDGE'S REPORT

Petitioner Frank Selders, an inmate confined at Quachita Correctional Center, Monroe, Louisiana, filed this suit seeking relief under 28 U.S.C. § 2254. Petitioner alleged that he was denied credit towards his sentence for time served while in the custody.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner. 28 U.S.C.§ 2254(b). Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A district court may notice on its own motion a petitioner's

failure to exhaust state remedies.  *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).  A review of the application form showed that the petitioner did not present this claim to any state court.[1]

It is clear on the face of the complaint that the petitioner has failed to exhaust available state remedies.

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the petitioner's claims be dismissed without prejudice for failure to exhaust available state remedies.

Baton Rouge, Louisiana, September 4, 2007.

*[signature]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Under Louisiana procedure, although there is no right of appeal from a trial court's denial of a petition for post-conviction relief, *Wilson v. Foti*, 832 F.2d 891 (5th Cir. 1987), *cert. denied*, 484 U.S. 901, 108 S.Ct. 241 (1987), such a petition is subject to review by the Louisiana court of appeal, and then by the Louisiana Supreme Court, in each court's discretion through its supervisory jurisdiction. *Wilson v. Foti, supra*. The Louisiana Supreme Court's discretion to entertain an application for post-conviction relief is sufficiently broad that a federal court cannot confidently anticipate which petitions the Supreme Court would entertain, *see Richardson*, 762 F.2d at 432, and so exhaustion of state court remedies when no appeal has been taken requires presenting the claims to the Louisiana Supreme Court also.